# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DANIELLE DIANA BROOKS,

    Plaintiff,

v.

ANDREW SAUL,[1]
Commissioner of Social Security,

    Defendant.

Civil Action No. 17-02680 (CKK)

## MEMORANDUM OPINION

Plaintiff, Danielle Diana Brooks, proceeding *pro se*, filed suit on December 14, 2017, against Defendant Andrew Saul, Commissioner of the Social Security Administration. *See* Compl., ECF No. 1. Defendant now moves to dismiss this matter for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *See* ECF No. 18. For the reasons stated herein, the Court will grant Defendant's Motion to Dismiss.

### I. BACKGROUND

Plaintiff's initial Complaint contained claims seeking judicial review of a decision by the Defendant, Commissioner of the Social Security Administration, denying Disability Insurance Benefits and Supplemental Security Income. Compl. at 1, 3; *see* Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. Plaintiff failed, however, to include details specifically identifying "a final decision of the Commission of Social Security," 42 U.S.C. § 405(g), or to allege sufficient facts from which Defendant could reasonably identify the decision being

---

[1] The current Director of the Social Security Administration, Andrew Saul, is automatically substituted as Defendant in his official capacity for his predecessor pursuant to Fed. R. Civ. P. 25(d).

challenged. Therefore, the Court granted Plaintiff thirty days to amend the Complaint accordingly. *See* Jan. 4, 2018 Order, ECF No. 3.

In response, Plaintiff's sister improperly attempted to file an amended complaint on Plaintiff's behalf. *See* ECF No. 5. Before the Court had an opportunity to address that pleading, Plaintiff personally filed a Motion for Extension of Time to File an Amended Complaint. *See* ECF No. 4. The Court granted Plaintiff's Motion for Extension on February 14, 2018, allowing her another thirty days to file an amended complaint, and also striking the pleading filed by her sister. *See* Feb. 14, 2018 Order, ECF No. 6. Plaintiff filed an Amended Complaint ("Am. Compl.") on March 12, 2018, ECF No. 7, sufficiently identifying the agency decision at issue. *See* Am. Compl. at Ex. 1. Shortly thereafter, this matter was assigned to the undersigned. *See* Mar. 29, 2018 Order Establishing Procedures ("Ord. Est. Proc."), ECF No. 8. Defendant filed an Answer, ECF No. 12, and the Administrative Record, ECF No. 13, on July 3, 2018.

On February 7, 2019, the Court issued a Minute Order requesting that the parties file a joint status report and proposed briefing schedule. *See* Feb. 7, 2019 Minute Order. Defendant filed their Joint Status Report ("Jt. Rprt.") on February 25, 2019, ECF No. 16, indicating that the parties had conferred and agreed that this case should be decided by dispositive motions, and proposing an accompanying briefing schedule. *See* Jt. Rprt. at 1–2. The Court adopted the parties' proposed briefing schedule on March 8, 2019, ordering that: (1) Plaintiff file a motion for judgment of reversal on or before April 19, 2019, (2) Defendant file a motion for judgment of affirmance and opposition on or before June 3, 2019, and (3) Plaintiff file a reply on or before June 17, 2019. *See* Mar. 8, 2019 Scheduling Order ("Sched. Ord."), ECF No. 17.

Plaintiff's deadline elapsed, and no motion for judgment of reversal was ever filed. On June 11, 2019, Defendant filed the Motion to Dismiss for Failure to Prosecute. On August 23,

2019, the Court advised Plaintiff of her obligations to respond under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *See* Aug. 23, 2019 Order ("Fox Neal Ord."), ECF No. 19; *see also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). The Court further ordered that Plaintiff file an opposition or other response to the Defendant's Motion to Dismiss by September 20, 2019. *See* Fox Neal Ord. at 2. Plaintiff was forewarned that if she failed to file a timely response, the Court would rule on the Motion without the benefit of her position. *Id.* To date, Plaintiff has not filed any opposition or response, and has not otherwise complied with this Court's Order.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* D.C. LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion."). "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that [she] must act with more diligence, or if [she] has failed to obey the rules or court orders." *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988).

The authority to dismiss suits for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Further, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is

not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff is afforded some latitude in prosecuting his case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *See Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted).

### III. DISCUSSION

Given Plaintiff's failure to comply with this Court's directives and her "lengthy period of inactivity," dismissal for failure to prosecute is appropriate. Preliminarily, Plaintiff failed to comply with the Order directing her to file a Motion for Judgment of Reversal. *See generally*, Sched. Ord. Despite having jointly chosen the applicable deadline, Plaintiff nonetheless failed to meet it. *See* Jt. Rprt. at 1 ("The parties jointly propose the . . . briefing schedule[.]").

Now, Defendant's Motion to Dismiss has been pending for approximately six months. Technically, Plaintiff's opposition was due on June 25, 2019, *see* D.C. LCvR 7(b), however, the Court *sua sponte* afforded her additional response time, *see* Fox Neal Ord. at 2. Therefore, the opposition is now nearly three months overdue. This Court twice advised Plaintiff of the consequences of such inaction. *See* Fox Neal Ord. at 1–2; *see also* Ord. Est. Proc. at ¶ 10(B).

Plaintiff has "not manifested reasonable diligence in pursuing" this matter. *Bomate*, 761 F.2d at 714. She has not been active in this case whatsoever since the filing of the Joint Status Report on March 8, 2019 – approximately nine months ago. Plaintiff has not singularly filed anything in this matter since she filed the Amended Complaint, 20 months ago. Despite the efforts of this Court, Plaintiff has done nothing to suggest that she intends to continue with her claims and as such, they will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute. This Court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests. D.C. LCvR 83.23. As Defendant has neither argued nor proved impairment of interest, this case shall be **DISMISSED without prejudice**. An appropriate Order accompanies this Memorandum Opinion.

Date: January 22, 2020

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge